1  ERIC MINTZ (State Bar No. 207384)
2  **MINTZ LAW GROUP**
   12725 Ventura Blvd., Suite J
3  Studio City, CA 91604
4  Telephone:  (818) 856-1076
   Facsimile:  (818) 623-8301
5  eric@mintzlawgroup.com
6
7  Attorneys for Plaintiff,
   MARIO CENDANA
8
9                    UNITED STATES DISTRICT COURT
10                   CENTRAL DISTRICT OF CALIFORNIA
11
12
13  MARIO CENDANA,                    Case No.:  2:14-CV-6957

14            Plaintiff,              **COMPLAINT FOR DAMAGES**
                                      **1. VIOLATION OF FAIR DEBT**
15                                    **COLLECTION PRACTICES ACT,**
       vs.                           **15 U.S.C. § 1692 ET. SEQ;**
16                                    **2. VIOLATION OF FAIR DEBT**
17  PALISADES COLLECTION, LLC, a      **COLLECTION PRATICES ACT,**
    limited liability company,        **CAL.CIV.CODE § 1788 ET. SEQ.**
18  HOUSLANGER & ASSOCIATES PLLC,     **3. VIOLATIONS OF THE CAL. BUS.**
    a professional services limited liability  **& PROF. CODE§ 17200, et seq.**
19  company, TODD E. HOUSLANGER, an
20  individual; and DOES 1-10, inclusive,
21            Defendants.            **JURY TRIAL DEMANDED**
22
23

24  For this Complaint, the Plaintiff, Mario Cendana, by undersigned counsel, states as
25  follows:
26
27
28

**JURISDICTION**

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4.     The Plaintiff, Mario Cendana (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Palisades Collection, LLC, is a Delaware limited liability company (hereafter "PALISADES") with its principal place of business at 210 Sylvan Avenue, Englewood, NJ 07632, operating as a debt buyer and collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2(c).

6.     Defendant, Houslanger & Associates, PLLC is a New York professional services limited liability company with an address of P.O. Box 742,

COMPLAINT FOR DAMAGES

Katonah, NY 10536 and 372 New York Avenue, Huntington, New York, 11743, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2(c).

7.     Defendant, Todd E. Houslanger, an individual, is believed to be an attorney and, is based on information and belief, an employee/partner/owner at Houslanger & Associates, PLLC with an address of P.O. Box 742, Katonah, NY 10536 and 372 New York Avenue, Huntington, New York, 11743, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8.     Does 1-10 (the "Collectors") are individual collectors employed by Palisades Collection, LLC and/or Houslanger & Associates, PLLC and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9.     Palisades Collection, LLC and/or Houslanger & Associates, PLLC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

10.     A financial obligation (the "Debt") was allegedly incurred to Palisades Collection, LLC. (the "Creditor").

COMPLAINT FOR DAMAGES

11.     The Debt allegedly arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     The Debt was purchased, assigned or transferred to Houslanger & Associates, PLLC, and Todd E. Houslanger for collection, or Houslanger & Associates, PLLC, and Todd E. Houslanger were employed by the Creditor to collect the Debt.

13.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Defendants Engage in Unlawful Tactics**

14.     Around May or June, 2014, Plaintiff discovered that a Restraining Notice was placed on funds he had deposited in an HSBC bank account.

15.     Upon inquiry as to why his funds were being placed on hold and restrained from his use, Plaintiff was informed by HSBC that he would have to contact Palisades Collection, LLC and Houslanger & Associates, PLLC, and Todd E. Houslanger for further information.

16.     In response to a request for further information, on or about June 26, 2014, Houslanger & Associates, PLLC, and Todd E. Houslanger sent Plaintiff a

COMPLAINT FOR DAMAGES

copy of a default judgment allegedly obtained by Defendant Palisades Collection, LLC against Plaintiff in New York, County of Queens on November 27, 2006.

17.     Plaintiff had not previously heard of Palisades Collection, LLC, Houslanger & Associates, PLLC, and/or Todd E. Houslanger.

18.     The default judgment indicated that a copy of the summons was mailed to Plaintiff on July 31, 2006.  The declarant making the application for the default judgment on behalf of Palisades Collection, LLC does not aver that a complaint was served or mailed to Plaintiff, but only the summons.

19.     Nevertheless, the declaration was false.

20.     Plaintiff did not live in New York, County of Queens at any time in 2006.  In fact, he had left the United States in 2004 to return home to the Philippines.

21.     Thus, the alleged default judgment was void since Plaintiff was not served with the summons or the complaint.

22.     The declarant who alleged Plaintiff was served with the summons on July 31, 2006, was Richard Franklin of the law firm Pressler & Pressler.  Pressler & Pressler has been under investigation by New York City's Department of Consumer Affairs, and the subject of a lawsuit by the New York Attorney General for making false declarations, and failure to serve thousands of lawsuits, resulting in thousands of illegally obtained default judgments, which were subsequently void

COMPLAINT FOR DAMAGES

due to lack of service and due process. The New York State Attorney General's Office alleged Pressler & Pressler used a process server that failed to notify persons of complaints, and then filed false affidavits claiming the summons and complaints were served.  A records search, which was cited in a recent class action against Defendant Palisades, found that Pressler & Pressler filed more than 15,000 cases in New York City Civil Courts on behalf of Palisades Collection LLC in 2005 and 2006.  The case noted that even a diligent firm would have difficulty actually serving that many complaints.

23.     Plaintiff was one of the victims of this scheme by Pressler & Pressler and Defendant Palisades to falsely obtain default judgments.

24.     Nevertheless, Defendants sought to levy funds from Plaintiff's bank account with a void judgment obtained by Defendant Palisades in 2006 with a false proof of service by Pressler & Pressler.

25.     Plaintiff left New York in 2004, and did not return permanently to the United States until 2013 when he became a resident of California.

26.     On or about April 24, 2014, Defendants sent a Restraining Notice to HSBC instructing them to hold Plaintiff's funds, "up to twice the amount of the Restraining Notice."  Thus, there is effectively a freeze on monies totaling $4,728.54 in Plaintiff's bank account, and Defendants have wrongly prevented Plaintiff access to his funds.

COMPLAINT FOR DAMAGES

27.     In addition, One Hundred Dollars ($100) was deducted from Plaintiff's HSBC account for legal processing of the Restraining Notice.

28.     Defendants did not register or domesticate the alleged New York judgment in California pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.).

29.     Nonetheless, Defendants sought to enforce the void New York judgment against a California resident without following California law or the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.).

30.     Defendants were aware that Plaintiff was a California resident, at latest, on or about June 26, 2014, when Defendants Houslanger & Associates, PLLC, and Todd E. Houslanger sent a letter to Plaintiff at his California address.

31.     Yet, Defendants still did not release the Restraining Notice on Plaintiff's funds.

32.     Defendants, without any reasonable basis, continued to rely on the false proof of service filed by Pressler & Pressler that Plaintiff was a New York resident at the time of the alleged service of the summons, and at the time Defendants served the Restraining Order on HSBC.  Any reasonable investigation would have revealed that Plaintiff left New York in 2004, and that the alleged default judgment was void.

COMPLAINT FOR DAMAGES

33.     To date, Defendants have not and will not release the Restraining

Order and vacate the void default judgment against Plaintiff.

**C.      Plaintiff Suffered Actual Damages**

34.     The Plaintiff has suffered and continues to suffer actual damages as a

result of the Defendants' unlawful conduct.

35.     As a direct consequence of the Defendants' acts, practices and

conduct, the Plaintiff suffered and continues to suffer from humiliation, anger,

anxiety, emotional distress, fear, frustration and embarrassment.

36.     The Defendants' conduct was so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

(Against All Defendants)

37.     The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

38.     By representing and/or implying that the falsely obtained default

judgment was valid to HSBC and to Plaintiff, the Defendants used false or

COMPLAINT FOR DAMAGES

misleading representations in connection with the collection of a debt in violation of 15 USC § 1692e.

39.     By representing to Plaintiff that the non-payment of the alleged debt to Palisades would result in the seizure, garnishment or attachment of his funds, when said action was and is unlawful, Defendants used false or misleading representations in connection with the collection of a debt in violation of 15 USC § 1692e(4).

40.     By placing a Restraining Notice on funds in Plaintiff's bank account, and encumbering those funds, and wrongfully preventing Plaintiff from using his funds with a void default judgment, Defendants have violated 15 USC § 1692e by undertaking actions cannot legally be taken.

41.     By using a void default judgment to attempt to seize Plaintiff's funds through levying his HSBC bank account, Defendants have undertaken actions that cannot legally be taken in violation of 15 USC § 1692e.

42.     By failing to register or domesticate the alleged New York judgment in California pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.) before enforcing the alleged judgment against Plaintiff, a California resident, Defendants have violated 15 USC § 1692e by undertaking actions cannot legally be taken.

COMPLAINT FOR DAMAGES

43.     By failing to register or domesticate the alleged New York judgment in California pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.) before enforcing the alleged judgment against Plaintiff, a California resident, Defendants have violated 15 USC § 1692e(10) by using deceptive means to collect or attempt to collect a debt.

44.     By placing a Restraining Notice on funds in Plaintiff's bank account, and encumbering those funds, and wrongfully preventing Plaintiff from using his funds with a void judgment, Defendants have violated 15 USC § 1692e(10) by using false representations and deceptive means to collect or attempt to collect a debt.

45.     By failing to register or domesticate the alleged New York judgment in California pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.) before enforcing the alleged judgment against Plaintiff, a California resident, Defendants have used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 USC § 1692f.

46.     By placing a Restraining Notice on funds in Plaintiff's bank account, and encumbering those funds, and wrongfully preventing Plaintiff from using his funds with a void judgment, Defendants have used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 USC § 1692f.

COMPLAINT FOR DAMAGES

47.     The Defendants failed to identify themselves as debt collectors in written communications, in violation of 15 U.S.C. § 1692e(11).

48.     The Defendants failed to send the required letter informing Plaintiff of his state and federal rights related to the collection of the debt, in violation of 15 U.S.C. § 1692g.

49.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

50.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

(Against Defendants Palisades Collection, LLC and Houslanger & Associates, PLLC)

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

COMPLAINT FOR DAMAGES

53.     Defendants Palisades Collection, LLC and Houslanger & Associates, PLLC., in the regular course of business, engage in debt collection and are both "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

54.     Neither Palisades Collection, LLC nor Houslanger & Associates, PLLC are registered to do business in the State of California, despite conducting business in California.

55.     The Defendants contacted Plaintiff without disclosure that they are a debt collector attempting to collect a debt, in violation of Cal. Civ. Code § 1788.11(b).

56.     The Defendants attempted to collect a consumer debt in violation of Cal. Civ. Code § 1788.15 by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

57.     The Defendants attempted to collect a consumer debt in violation of Cal. Civ. Code § 1788.16 by sending communication which simulates legal or judicial process or which gives the appearance of being authorized, issued, or approved by a governmental agency or attorney when it was not.  Here, Defendants sent a void judgment to HSBC without registering or domesticating the alleged New York judgment in California, pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.), before seeking

COMPLAINT FOR DAMAGES

enforcement of the alleged judgment against Plaintiff, a California resident.  Also, Defendant Palisades sent a copy of the void judgment to Plaintiff, as justification for their collection actions, giving the appearance that they had obtained a valid judgment against Plaintiff when in fact they had not.

58.    By placing a Restraining Notice on funds in Plaintiff's bank account, and encumbering those funds, and wrongfully preventing Plaintiff from using his funds with a void default judgment, Defendants have attempted to seize, garnish, and attach Plaintiff's property when such actions are not permitted by law in violation of Cal. Civ. Code § 1788.10.

59.    By using a void default judgment to attempt to seize Plaintiff's funds through levying his HSBC bank account, Defendants have attempted to seize, garnish, and attach Plaintiff's property when such actions are not permitted by law in violation of Cal. Civ. Code § 1788.10.

60.    By failing to register or domesticate the alleged New York judgment in California pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.) before enforcing the alleged judgment against Plaintiff, a California resident, Defendants have attempted to seize, garnish, and attach Plaintiff's property when such actions are not permitted by law in violation of Cal. Civ. Code § 1788.10.

COMPLAINT FOR DAMAGES

61.     Defendants attempted to collect a debt in violation of Cal. Civ. Code § 1788.10 by threatening Plaintiff that the failure to pay off the void judgment will result in the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the Plaintiff when such is not action permitted by the law.

62.     The Defendants attempted to collect a consumer debt in violation of § 1788.13(f) by the false representation that information concerning a debtor' s failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.

63.     The Defendants attempted to collect a consumer debt in violation of § 1788.13(j) by the false representation that a legal proceeding has been, is about to be or will be instituted unless payment of a consumer debt is made.

64.     The Defendants attempted to collect a consumer debt in violation of § § 1788.17 by collecting or attempting to collect a consumer debt in a manner that fails to comply with the provisions of Sections 1692b to 1692j, inclusive.

65.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq*., in violation of Cal. Civ. Code § 1788.13(e).

66.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

COMPLAINT FOR DAMAGES

**COUNT III**
**VIOLATIONS OF THE CAL. BUS. & PROF. CODE**
**§ 17200, et seq.**
**(UNFAIR BUSINESS PRACTICES)**

(Against All Defendants)

67.     Plaintiff repeats and realleges as though set forth in full paragraphs 1 through 66.

68.     Defendants knew or should know that their regular business practices as described above are confusing and unlawful, and likely to confuse and mislead, and violate the rights of the public, including this Plaintiff, to whom the void default judgment was sent and whose funds were restrained and bank account frozen.

69.     Defendants use of a void default judgment to attempt to seize, garnish and/or attach funds in Plaintiff's bank account, without confirming the judgment was valid, and without registering or domesticating the judgment pursuant to the California Sister State Money Judgments Act (Cal. Code of Civ. Proc. §1710.10 et. seq.) before attempting to enforce the judgment against a California resident involves a pattern and practice of unfair acts and business practices in violation of Business and Professions Code, §17200, et seq.

70.     By engaging in unfair and prohibited debt collection tactics as described above, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

COMPLAINT FOR DAMAGES

1692, et seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq, defendants, and each of them, engaged in a pattern and practice of unfair acts and business practices in violation of <u>Business and Professions Code</u>, §17200, et seq.

71.    The consumer injury by unfair debt collection practices is substantial.

72.    The injury suffered by unfair debt collection practices is not outweighed by any countervailing benefits to consumers or competition.

73.    The injury is one that consumers themselves could not reasonably have avoided.

74.    Plaintiff is a private person who has suffered injury in fact and has lost money or property as a result of the unfair competition.  Plaintiff has incurred additional and unnecessary charges, interest and/or fees due to Defendants' unfair business tactics.  In addition, Plaintiff has incurred attorney's fees as a result of having to hire an attorney due to Defendants' unfair completion and business practices.

75.    As a result of defendants' wrongful and intentional conduct, plaintiff is entitled to compensatory damages as well as statutory and/or treble damages as well as exemplary and punitive damages according to proof.

COMPLAINT FOR DAMAGES

76.     Plaintiffs can recover attorneys' fees by establishing the required elements under Code of Civil Procedure § 1021.5, the private attorney general fee statute.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants.

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or

COMPLAINT FOR DAMAGES

negligent invasions of privacy in an amount to be determined at trial

for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**


DATED:  September 4, 2014     MINTZ LAW GROUP



By:___/s/__Eric Mintz_____
Eric Mintz

Attorneys for Plaintiff
Mario Cendana

COMPLAINT FOR DAMAGES